**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Turner Kaskie,<br><br>            Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-23-02408-PHX-DWL<br><br>**ORDER** |

Plaintiff challenges the denial of his applications for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 12), the Commissioner's "Brief Requesting Remand" (Doc. 16), and Plaintiff's reply (Doc. 17), as well as the Administrative Record (Docs. 9-11, "AR"), and now reverses the Administrative Law Judge's ("ALJ") decision and remands for calculation of benefits.

**RELEVANT BACKGROUND**

Plaintiff, who has an IQ of 72, has the severe impairments of autism spectrum disorder and borderline intellectual functioning. (AR at 17.) Plaintiff once worked as a bagger at a grocery store but stopped working following an episode in September 2018 in which he was hospitalized for memory loss. (*Id.* at 393.) Plaintiff attributed the onset of this condition to "increased life stressors due to problems at work" and, after Plaintiff was admitted and underwent testing, a psychiatric neurologist confirmed that Plaintiff's memory loss was likely "transient global amnesia related to psychogenic issues and stress."

(*Id.* at 393, 398.)

In January 2019, Plaintiff filed applications for disability and disability insurance benefits and for supplemental security income. (*Id.* at 13.) One of the significant pieces of medical evidence bearing on Plaintiff's claim of disability is an intellectual assessment performed in December 2019 by Dr. Dana Anderson. (*Id.* at 526-36.) Among other things, Dr. Anderson opined that, due in part to Plaintiff's "borderline intellectual functioning," Plaintiff would require extra time to complete tasks, tutoring or mentoring, and reminders at work. (*Id.* at 534-36.) It is undisputed that those opined-to limitations, if accepted by the ALJ and incorporated into Plaintiff's residual functional capacity ("RFC"), would be work-preclusive and compel a finding of disability. (*Id.* at 720-21.)

In April 2021, an ALJ issued an unfavorable decision. (*Id.* at 13-24.) Among other things, the ALJ determined that Dr. Anderson's opinions were "not persuasive." (*Id.* at 21.) Plaintiff then appealed to this Court. (*Kaskie v. Comm'r of Soc. Sec. Admin.*, 21-cv-01945-JAT (D. Ariz.") [hereinafter, "*Kaskie I*"].) In his opening brief, Plaintiff's lead argument was that the ALJ failed to provide legally sufficient reasons for discrediting Dr. Anderson's opinions. (*Kaskie I*, Doc. 13 at 5-9.) Kaskie also argued that the appropriate remedy for this and other errors was a remand for calculation of benefits. (*Id.* at 15 ["[T]he acceptance of the opinion of Dr. Anderson[] . . . direct[s] a finding of disability. Therefore, an award for a computation of benefits is appropriate."].) Notably, the Commissioner did not defend the sufficiency of the ALJ's reasons for discrediting Dr. Anderson's opinions—instead, the Commissioner stipulated that the matter had to remanded for further proceedings and that Plaintiff should be awarded his attorneys' fees as the prevailing party. (*Kaskie I*, Docs. 16, 19.)

On November 17, 2022, on remand, Plaintiff had a new hearing before a new ALJ. (AR at 666-723.) After the ALJ finished questioning the vocational expert ("VE"), Plaintiff's counsel stated: "The reason why this case was remanded was exactly for the point of the [VE] questioning. It was remanded because the doctors very squarely limit [Plaintiff] to a reasoning level 1 job, the reviewing physicians and his treating physician.

And I argue that the [VE] was not able to identify substantial work activity . . . with those limitations." (*Id.* at 701.) The ALJ, in turn, concluded the hearing by stating: "I'm going to consider the possibility of a consultative examination to clear some of these things up." (*Id.* at 702.)

In July 2023, this examination took place. (*Id.* at 1133-59.) Among other things, the examiner concluded that Plaintiff scored in the 8th percentile for working memory, in the 10th percentile for spatial short term memory, and in the 9th percentile for verbal short term memory. (*Id.* at 1153-56.)

On September 7, 2023, the ALJ held a follow-up hearing. (*Id.* at 705-23.) During this hearing, the VE testified that the limitations described by Dr. Anderson would be work-preclusive. (*Id.* at 720-21.)

On November 6, 2023, the ALJ issued the decision at issue here, which once again denied Plaintiff's claim for benefits. (*Id.* at 642-55.) As in the previous decision, the ALJ concluded that Dr. Anderson's opinions were "not persuasive." (*Id.* at 653.) The ALJ did not, however, substantively address the results of the July 2023 examination. (Doc. 12 at 11-12 [Plaintiff's opening brief, arguing that "the ALJ failed to explain why he rejected the testing performed on July 17, 2023"]; Doc. 16 at 7 [the Commissioner's answering brief, not disputing that the Commissioner failed to provide a basis for rejecting this evidence].)

**THE PARTIES' ARGUMENTS**

In his opening brief, Plaintiff once again argues that the ALJ failed to provide legally sufficient reasons for discrediting the opinions of Dr. Anderson. (Doc. 12 at 6-11.) Plaintiff also challenges the ALJ's failure to consider the July 2023 examination results. (*Id.* at 11-12.) And Plaintiff once again argues that the proper remedy for these and other errors is a remand for calculation of benefits. (*Id.* at 12-15.)

The Commissioner, in turn, once again concedes that reversal is warranted because the ALJ failed to provide valid reasons for discrediting Dr. Anderson's opinions. (Doc. 16 at 5 ["[T]he ALJ did not articulate how he considered the objective medical evidence Dr.

Anderson provided, nor did he articulate how he considered Dr. Anderson's explanation for her opinion. Therefore, remand is necessary . . . ."].) However, the Commissioner disagrees that a remand for calculation of benefits is the appropriate remedy, arguing that the Court should instead remand for further proceedings because (1) the Commissioner believes "it is *never* appropriate" to credit an opinion as true and remand for calculation of benefits (*id.* at 5-6, 8); and alternatively (2) there is "conflicting evidence" that "raises serious doubt that Plaintiff was disabled," which means the Ninth Circuit's credit-as-true standard is not satisfied (*id.* at 8-9).

In reply, Plaintiff argues that the Commissioner's first argument lacks merit because "[t]he 'credit as true' principle is a Ninth Circuit legal principle. It is not relevant or binding on this court that the Social Security Administration declines to use a legal principle or attempts to limit this Court's authority that has been an effective remedy for decades. The error is more egregious because it is the second time it was made. [Plaintiff] argued the same error in the prior federal district court appeal." (Doc. 17 at 1-2.) As for the Commissioner's second argument, Plaintiff argues that the credit-as-true rule should be deemed satisfied for an array of reasons, including that "[t]he remanded hearing must serve a purpose. Two of the opinions that warrant remand are five or more years old. The record is fully developed and two ALJs have tried and failed to provide legal reasons to reject the opinions and limitations that support disability." (*Id.* at 4.) Plaintiff continues: "Remanding for an additional hearing causes significant harm to [Plaintiff] and his disabled mother. He is 29 and has had three prior administrative hearings. His adoptive mother, Morgan, is disabled and has struggled to support her 29-year-old, adopted son for the last 10 years. Despite aggressive efforts to support him in transitioning into adulthood, [Plaintiff] was unable to adapt to stressors in the least competitive work environment of a grocery store. The stress of another hearing should weigh heavy on this Court in light of [Plaintiff's] inability to adapt and manage stress. He has a history of a stress reaction that caused global amnesia and hospitalization." (*Id.* at 5.) Plaintiff also contends that "[i]t should be clear to this Court that the ALJ did not review the entire record prior to making

1  a determination. The ALJ minimally cites 17F, fails to meaningfully discuss 12F through
2  21F, and ignores the November 17, 2022 hearing testimony entirely." (*Id.* at 6.)

**DISCUSSION**

Under Ninth Circuit law, the appropriate remedy in a Social Security appeal is almost always a remand for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1044-45 (9th Cir. 2017) (noting that "[w]hen the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits" and that "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule"). However, in a very small subset of cases, the appropriate remedy is a remand for calculation of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

In the Court's view, this is one of those very rare cases where the latter form of remedy is appropriate. As an initial matter, the Commissioner's argument that "it is *never* appropriate" to credit an opinion as true and remand for calculation of benefits (Doc. 16 at 5) is foreclosed by Ninth Circuit law, which recognizes that a remand for calculation of benefits may be the appropriate remedy in some rare cases. To the extent the Commissioner believes this line of Ninth Circuit authority is incorrectly decided, the Commissioner may seek *en banc* review in the Ninth Circuit or perhaps seek review in the Supreme Court. The Commissioner cannot, in contrast, simply ask this Court to disregard settled Ninth Circuit law. *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit . . . no matter how egregiously in error they may feel their own circuit to be.") (citation omitted).

Turning to the merits, choosing the appropriate remedy is complicated by the fact that "[t]he credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court." *Leon*, 880 F.3d at 1044. At any rate, as the Ninth Circuit recently clarified, "[t]he credit-as-true rule has three steps. First, we ask

whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.  Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful.  And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law.  Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion." *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up).  A district court properly exercises its discretion to remand for further proceedings where "there is serious doubt as to whether [the claimant] is disabled." *Leon*, 880 F.3d at 1048.  *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain flexibility in determining the appropriate remedy.  We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.") (cleaned up).

All three steps of the credit-as-true rule are satisfied here.  Step one is satisfied because, as the Commissioner concedes, the ALJ failed to provide legally sufficient reasons for discrediting the opinions of Dr. Anderson and failed to address the results of the July 2023 examination (even though the ALJ specifically indicated that this examination was necessary to address unresolved questions raised during the first post-remand hearing in November 2022).

As for the second step, the Court cannot see how further administrative proceedings would be useful in light of the unusual posture of this case.  After the first ALJ failed to provide legally sufficient reasons for discrediting the opinions of Dr. Anderson, Plaintiff appealed, only for the Commissioner to concede that a remand was warranted.  The Commissioner now concedes that the second ALJ also failed, on remand, to provide legally sufficient reasons for discrediting the opinions of Dr. Anderson but contends that yet

1    another remand is warranted so yet another ALJ can attempt to validly assess Dr.
2    Anderson's opinions. It would not serve a useful purpose to authorize—and thus tacitly
3    encourage—such a bizarre result, which would effectively force Plaintiff to wait more than
4    a half-decade for a disability determination so that a series of ALJs can make repeated
5    attempts to correctly analyze a medical opinion issued during the previous decade. *Cf.*
6    *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("The ALJ's determination . . . was
7    in error [and] . . . [a]llowing the Commissioner to decide the issue again would create an
8    unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.
9    Remanding a disability claim for further proceedings can delay much needed income for
10   claimants who are unable to work and are entitled to benefits, often subjecting them to
11   tremendous financial difficulties while awaiting the outcome of their appeals and
12   proceedings on remand. Requiring remand for further proceedings [here] . . . would
13   contribute to waste and delay and would provide no incentive to the ALJ to fulfill her
14   obligation to develop the record.") (citations omitted).

15         For related reasons, the Court concludes for purposes of the third step that Dr.
16   Anderson's opinions should be deemed credible as a matter of law. This determination, in
17   turn, supports a finding of disability, as the VE testified that Dr. Anderson's opined-to
18   limitations would be work-preclusive. (AR at 720-21.)

19         The final inquiry is whether the Court should exercise its discretion to remand for
20   further proceedings even though all three steps of the credit-as-true test are satisfied. The
21   Court recognizes that it likely could follow that approach here. As the Commissioner notes
22   (Doc. 16 at 8), certain other medical sources rendered opinions that conflict with Dr.
23   Anderson's opinions and the ALJ deemed those other opinions persuasive. The Ninth
24   Circuit has indicated that a district court has discretion to decline to remand for calculation
25   of benefits under these circumstances. *See, e.g., Washington*, 72 F.4th at 1042 (concluding
26   that "the district court did not abuse its discretion in remanding to the Commissioner to
27   resolve the contested issues" where there was a "conflict between Washington's treating
28   doctor and the consulting medical expert"). As a result, this Court's usual approach, in

- 7 -

cases in which the ALJ failed to properly analyze opinion evidence, is to make a discretionary choice to remand for further proceedings if the record contains evidence of conflicting medical opinions, some of which would not support a finding of disability. *See, e.g., Masterson v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4234648, *13 (D. Ariz. 2024) (concluding that "even if step two were satisfied" based on "the ALJ's failure to provide legally sufficient reasons for discrediting the opinions of Dr. Higgins," the Court "would decline in its discretion to order a remand for benefits" in part because the ALJ "accepted the opinions of other medical sources who opined to less restrictive limitations"); *Ainsworth v. Comm'r of Soc. Sec. Admin.*, 2024 WL 3271706, *4 (D. Ariz. 2024) (same). Nevertheless, due to the unusual posture of this case, the Court chooses to exercise its discretion to remand for calculation of benefits. The Court does not harbor any serious doubt that Plaintiff is disabled and cannot fathom how it would be fair or just to require Plaintiff to submit to yet another remand so yet another ALJ can attempt to analyze Dr. Anderson's December 2019 medical opinion.

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **reversed**. This matter is **remanded** for calculation of benefits. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 18th day of October, 2024.

Dominic W. Lanza
United States District Judge